IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID SEIDEMANN, AN INDIVIDUAL, BRUCE MARTIN, AN INDIVIDUAL, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br>v.<br><br>PROFESSIONAL STAFF CONGRESS LOCAL 2334; FACULTY ASSOCIATION OF SUFFOLK COUNTY COMMUNITY COLLEGE; UNITED UNIVERSITY PROFESSIONS, FARMINGDALE STATE COLLEGE CHAPTER; NATIONAL EDUCATION ASSOCIATION OF THE UNITED STATES; AMERICAN FEDERATION OF TEACHERS; AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS; AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS COLLECTIVE BARGAINING CONGRESS; NEW YORK STATE UNITED TEACHERS,<br><br>Defendants. | CIVIL ACTION NO. 18-cv-09778<br><br>**AMENDED CLASS-ACTION COMPLAINT** |

## INTRODUCTION

On June 27, 2018, the United States Supreme Court decided *Janus v. AFSCME*, 138 S. Ct. 2448 (2018), holding that an agency-fee scheme – like the agency shop fees in the language of the New York Civil Service Law – violates the free speech rights of public employees who elect not to join a public-sector union and who do not affirmatively consent to pay agency fees.

## PARTIES

1. Plaintiff David Seidemann resides in North Haven, Connecticut. Mr. Seidemann was at all times relevant hereto, a college professor for the City University of New York ("<u>CUNY</u>") in the State of New York. As such, Mr. Seidemann was a "public employee" for

purposes of the NY CIV. SERV. LAW § 208. He is not and was not a member of the union representing CUNY's employees and has not affirmatively consented to pay agency shop fees to the union. Yet, prior to *Janus*, he was required, as a condition of his employment, to pay agency shop fees to Professional Staff Congress, portions of which are forwarded to New York State United Teachers and American Federation of Teachers.

2. Plaintiff Bruce Martin resides in Middle Island, New York. Mr. Martin was at all times relevant hereto, a college professor for the Suffolk County Community College ("SCCC") in the State of New York. In 2018, Mr. Martin was also a college professor for Farmingdale State College ("FSC"). As such, Mr. Martin was a "public employee" for purposes of the NY CIV. SERV. LAW § 208. He is not and was not a member of the union representing SCCC's or FSC's employees and has not affirmatively consented to pay agency shop fees to the union. Yet, prior to *Janus*, he was required, as a condition of his employment with SCCC, to pay agency shop fees to Faculty Association of Suffolk County Community College, portions of which are forwarded to New York State United Teachers, American Federation of Teachers, and National Education Association. Further, as a condition of his employment with FSC, he was required to pay agency shop fees to United University Professions, Farmingdale State College Chapter, portions of which are forwarded to New York State United Teachers, American Federation of Teachers, National Education Association, and the American Federation of Labor and Congress of Industrial Organizations.

3. Defendant Professional Staff Congress Local 2334 ("PSC") is an "employee organization" and the exclusive representative of faculty and staff at CUNY, including Plaintiff Seidemann. Prior to *Janus*, it received a portion of the agency shop fees that were extracted from Plaintiff Seidemann and other employees under New York agency-shop laws. On information and belief, PSC was formed and existing under the laws of the State of New York. PSC is a major participant in political activities at the state and local levels. PSC is headquartered in New York, New York, and engages in business throughout New York. On information and belief,

221461280.1 95523/338209

portions of the agency shop fees withheld from Plaintiff Seidemann's pay were forwarded, directly or indirectly, to other unions with which PSC is affiliated or partners including: American Federation of Teachers ("AFT"); American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO"); The American Association of University Professors Collective Bargaining Congress ("AAUP"); and New York State United Teachers ("NYSUT").

4. Defendant Faculty Association of Suffolk County Community College ("FASCCC") is an "employee organization" and the exclusive representative of faculty and staff at SCCC, including Plaintiff Martin. Prior to *Janus*, it received a portion of the agency shop fees that were extracted from Plaintiff Martin and other employees under New York agency-shop laws. On information and belief, FASCCC was formed and existing under the laws of the State of New York. FASCCC is a major participant in political activities at the state and local levels. FASCCC is headquartered in Selden, New York, and engages in business throughout New York. On information and belief, portions of the agency shop fees withheld from Plaintiff Martin's pay were forwarded, directly or indirectly, to other unions with which FASCCC is affiliated or partners including: American Federation of Teachers ("AFT"); National Education Association ("NEA"); and NYSUT.

5. Defendant United University Professions, Farmingdale State College Chapter ("UUP") is an "employee organization" and the exclusive representative of faculty and staff at FSC, including Plaintiff Martin. Prior to *Janus*, it received a portion of the agency shop fees that were extracted from Plaintiff Martin and other employees under New York agency-shop laws. On information and belief, UUP was formed and existing under the laws of the State of New York. UUP is a major participant in political activities at the state and local levels. UUP is headquartered in Latham, New York, and engages in business throughout New York. On information and belief, portions of the agency shop fees withheld from Plaintiff Martin's pay were forwarded, directly or indirectly, to other unions with which UUP is affiliated or partners including: AFT, AFL-CIO, NEA, and NYSUT.

6. Defendant NEA is the largest teachers' union in the United States and one of the largest public-sector unions. It receives a portion of the fair share service fees that are extracted from Plaintiffs and other public school employees under New York agency-shop laws. It also receives portions of agency fees paid by persons in other states who are not union members. NEA is a major participant in political activities at the national, state, and local levels. NEA is headquartered in Washington DC and engages in business throughout New York.

7. Defendant AFT is one of the largest teachers' unions in the United States and one of the largest public-sector unions. Prior to *Janus*, it received a portion of the agency shop fees that are extracted from Plaintiffs and other higher education employees under New York agency-shop laws. It also received portions of agency fees paid by persons in other states who are not union members. AFT is a major participant in political activities at the national, state, and local levels. AFT is headquartered in Washington DC and engages in business throughout New York.

8. Defendant AFL-CIO is a federation of 55 unions with more than 12.5 million members. Prior to *Janus*, it received a portion of the agency shop fees that are extracted from Plaintiffs and other higher education employees under New York agency-shop laws. It also received portions of agency fees paid by persons in other states who are not union members. AFL-CIO is a major participant in political activities at the national, state, and local levels. AFL-CIO is headquartered in Washington DC and engages in business throughout New York.

9. Defendant AAUP is an umbrella organization for unionized AAUP chapters, including PSC. Prior to *Janus*, it received a portion of the agency shop fees that are extracted from Plaintiff Seidemann and other employees under New York agency-shop laws. It also received portions of agency fees paid by persons in other states who are not union members. AAUP is a major participant in political activities at the national, state, and local levels. AAUP is headquartered in Washington DC and engages in business throughout New York.

10. Defendant NYSUT is affiliated with AFT. It is one of the largest teachers' unions in New York. Prior to *Janus*, it received a portion of the agency shop fees that are extracted from

Plaintiffs and other higher education employees under New York agency-shop laws. NYSUT is a major participant in political activities at the state and local levels. NYSUT is headquartered in Latham, New York, and engages in business throughout New York.

## JURISDICTION AND VENUE

11. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1343, 1367, and 2201.

12. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2) because one or more of the defendants reside in this judicial district and all defendants are residents of this State (within the meaning 28 U.S.C. § 1391(c)) and because a substantial part of the events or omissions giving rise to the claim occurred and a substantial part of property that is the subject of this action is situated, in this judicial district.

## GENERAL ALLEGATIONS

13. Under NY CIV. SERV. LAW § 208(3), an employee organization that has been recognized or certified as the exclusive representative of public employees within a negotiating unit shall be entitled to have deducted from the wage or salary of the employees in such negotiating unit who are not members of said employee organization the amount equivalent to the dues levied by such employee organization and the state comptroller shall make such deductions and transmit the sum so deducted to such employee organization."

14. Plaintiffs chose not to join PSC, FASCCC, or UUP. Nevertheless, under NY CIV. SERV. LAW § 208(3), Plaintiffs' employers withheld from Plaintiffs' pay agency shop fees and paid those fees to Defendants PSC, FASCCC, and UUP. Defendants PSC, FASCCC, and UUP forwarded portions of these fees, directly or indirectly to the other union defendants.

15. On information and belief, in June 2001, by action of the PSC Delegate Assembly all agency fee payers had a change in the amount of fees deducted from their paycheck.

16. On information and belief, effective in September 2001, as a condition of employment all non-members incurred a 1.05% agency fee deduction from their total bi-weekly gross earnings.

17. On information and belief, prior to September 2001, PSC's agency fees were incurred at a flat bi-weekly amount.

18. On information and belief, FASCCC and UUP went through a process similar to PSC's in establishing the agency fee deduction for their employees.

19. This agency-fee scheme violated the free speech rights of Plaintiffs by compelling them to subsidize private speech on matters of substantial public concern, as the Supreme Court recognized in *Janus*. No compelling or otherwise sufficient governmental interest justifies the compulsory political representation imposed on teachers. 138 S. Ct. at 2463-65. As a result, "public-sector agency-shop arrangements" like those here "violate the First Amendment." *Id.* at 2478.

20. Plaintiffs are bringing this action at this time to preserve the class members' ability to seek retrospective relief against the defendants for as far back as the applicable statutes of limitations will allow.

## CLASS ALLEGATIONS

21. Plaintiffs bring this class action under Federal Rule of Civil Procedure 23(b)(1)(A), (b)(2), and (b)(3). The class comprises each individual who: (1) is not a member of a union; (2) has had agency shop fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to PSC, FASCCC, UUP, NEA AFT, AFL-CIO, AAUP, or NYSUT; and (3) has not affirmatively consented in writing to pay the fees. The class includes everyone who comes within the class definition at any time covered by the claims and until the conclusion of this action.

22. Plaintiffs also assert the following subclasses:

    a. The "PSC Subclass" comprises each individual who: (1) is not a member

221461280.1 95523/338209

of a union; (2) has had agency shop fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to PSC; and (3) has not affirmatively consented in writing to pay the fees.

b. The "FASCCC Subclass" comprises each individual who: (1) is not a member of a union; (2) has had agency shop fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to FASCCC; and (3) has not affirmatively consented in writing to pay the fees.

c. The "UUP Subclass" comprises each individual who: (1) is not a member of a union; (2) has had agency shop fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to UUP; and (3) has not affirmatively consented in writing to pay the fees.

d. The "NEA Subclass" comprises each individual who: (1) is not a member of a union; (2) has had agency shop fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to NEA; and (3) has not affirmatively consented in writing to pay the fees.

e. The "AFT Subclass" comprises each individual who: (1) is not a member of a union; (2) has had agency shop fees or union agency fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to AFT; and (3) has not affirmatively consented in writing to pay the fees.

f. The "AFL-CIO Subclass" comprises each individual who: (1) is not a member of a union; (2) has had agency shop fees or union agency fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to AFL-CIO; and (3) has not affirmatively consented in writing to pay the fees.

221461280.1 95523/338209

g. The "AAUP Subclass" comprises each individual who: (1) is not a member of a union; (2) has had agency shop fees or union agency fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to AAUP; and (3) has not affirmatively consented in writing to pay the fees.

h. The "NYSUT Subclass" comprises each individual who: (1) is not a member of a union; (2) has had agency shop fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to NYSUT; and (3) has not affirmatively consented in writing to pay the fees.

23. The number of persons in the class and each subclass makes joinder of all individual class members impractical.

24. There are questions of fact and law common to the class and the subclasses. Factually, all class and subclass members are public employees and union nonmembers compelled to pay agency shop fees or agency fees to Defendants as a condition of employment. Legally, the U.S. Constitution affords the same rights under the First Amendment to every member of the class as the Supreme Court recently held in *Janus*. Among the common questions are: (1) whether the requirement of paying the agency shop fee or agency fee is constitutional; (2) whether the withholding of the agency shop or agency fee is a tort under state law; and (3) whether Defendants are obligated to refund agency shop fees that have been unlawfully extracted.

25. Plaintiffs' claims are typical of other members of the class and the respective subclasses because each member of the class or subclass has declined to join a union, yet is forced under state law and contract provisions to financially support the union and its inherently political activities.

221461280.1 95523/338209

26. Plaintiffs adequately represent the interests of the class and their respective subclasses and he has no interests antagonistic to the class. Further, the undersigned counsel is experienced in the litigation of constitutional deprivations, including First Amendment claims, and class action litigation.

27. A class action may be maintained under Rule 23(b)(1)(A) because separate actions by class and subclass members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.

28. A class action may be maintained under Rule 23(b)(2) because final injunctive relief and corresponding declaratory relief are appropriate respecting the class and subclasses as a whole. Plaintiffs and the class are also entitled to recover incidental monetary relief that will not involve individualized determinations concerning Plaintiffs' and the class members' entitlement to monetary relief.

29. A class action may be maintained under Rule 23(b)(3) because the questions of law or fact common to class members predominate over any questions affecting only individual members. In addition, a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Among other things, all class and subclass members are subjected to the same violation of their constitutional rights but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions.

30. Plaintiffs, by and through his counsel of record, maintains that the class action could be maintained without notice to the proposed class under Rule 23(b)(1) or Rule 23(b)(2). To the extent notice is required, Plaintiffs, by and through his counsel of record, will obtain court approval of the manner and nature of the notice to be given.

## CAUSES OF ACTION

### Count I – Section 1983

31. Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Amended Complaint.

32. Defendants were acting under the color of state law by causing, participating in, and accepting the compulsory deduction of agency shop fees from monies owed to Plaintiffs and the class members. Specifically, the Comptroller for the State of New York was assisting the defendant unions in coercing Plaintiffs to finance the unions' activities, and the unions were acting in concert with a public agency, and with authority granted by statute to deprive Plaintiffs of his constitutional rights.

33. Defendants, acting under color of state law, have created, administered, and enforced laws unlawfully requiring Plaintiffs to pay agency shop fees to the Defendant unions as condition for Plaintiffs' employment. In so doing, Defendants have violated and continue to violate Plaintiffs' First Amendment Rights to free speech and association as secured by the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

34. State law and collective-bargaining agreements permitting and imposing compulsory agency shop fees on public employees who do not wish to associate or support a union are not narrowly tailored to serve a compelling government interest.

35. By compelling Plaintiffs and the class members to financially support the unions, including for purposes of speaking to, petitioning, and otherwise lobbying the government with respect to political matters, Defendants are abridging and violating the rights of Plaintiffs and the class members to freedom of association and freedom of speech, and to petition the government for redress of grievances under the First Amendment to the United States Constitution, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

221461280.1 95523/338209

36. Defendants have violated Plaintiffs' First Amendment rights of freedom of speech and association as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

37. Unless enjoined by the Court, Plaintiffs and the class members will continue to suffer irreparable harm, damage, and injury for which there is no adequate remedy at law.

### Count II – Conversion

38. Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Amended Complaint.

39. Under, NY Civ. Serv. Law § 208(3), Plaintiffs employers withheld from Plaintiffs' pay agency shop fees and paid those fees to Defendants PSC, FASCCC, and UUP. Defendant PSC, FASCCC, and UUP forwarded portions of these fees, directly or indirectly to the other union defendants.

40. Plaintiffs, at all times relevant hereto, owned and/or had the sole right to possession of the monies withheld from Plaintiffs in the form of agency shop fees paid to the defendant unions.

41. Every member of each union was aware, by virtue of NY Civ. Serv. Law § 208(3) at least, that agency fees would be withheld from Plaintiffs' pay and paid those fees to Defendants PSC, FASCCC, and UUP and those members explicitly or tacitly ratified the taking of unlawful agency shop fees by imposing agency shop fees against Plaintiffs as a condition of their employment at CUNY, SCCC, and FSC, and against class members at these and other public employers.

42. Defendants wrongfully dispossessed Plaintiffs of monies by imposing unlawful agency shop fees against Plaintiffs as condition of their employment at CUNY, SCCC, and FSC.

43. As a direct and proximate result of the above wrongful conduct of Defendants, Plaintiffs have been damaged in an amount to be proven at trial, but not less than the full amount of monies withheld from Plaintiffs in the form of agency shop fees paid to the defendant unions.

221461280.1 95523/338209

## Count III – Unjust Enrichment (In the Alternative)

44. Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Amended Complaint.

45. The defendant unions received monies in the form of unlawful agency shop fees from Plaintiffs.

46. Defendants' imposition and collection of the agency shop fees violates Plaintiffs' First Amendment Rights and is, therefore, unconstitutional.

47. At all relevant times hereto, the monies the defendant unions received belonged to and were for the use of Plaintiffs.

48. The defendant unions are indebted to Plaintiffs in the amount of the agency shop fees they obtained on account of Plaintiffs.

49. By this Amended Complaint, Plaintiffs demand restitution from the defendant unions for all agency shop fees obtained by the defendant unions.

## DEMAND FOR RELIEF

Plaintiffs respectfully request this Court:

A. Certify a class and subclasses consistent with the definitions stated in this Amended Complaint.

B. Issue a declaratory judgment against the defendant unions providing that:

    1. It is unconstitutional under the First Amendment, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to withhold or require payment of agency shop fees or agency fees from Plaintiffs and the class members;

    2. The provisions of NY CIV. SERV. LAW § 208(3) that permit the imposition of agency shop fees is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and is null and void.

3. Any collective bargaining agreement provision imposing agency shop fees against Plaintiffs or the class members is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and is null and void.

C. Permanently enjoin Defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from collecting agency shop fees from Plaintiffs or the class members.

D. Permanently enjoin the Defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing the provisions of NY CIV. SERV. LAW § 208(3) that permit the imposition and collection of agency shop fees from Plaintiffs or the class members.

E. Order the defendant unions to disgorge and refund all agency shop fees unlawfully withheld or collected from Plaintiffs and the class members, along with pre-judgment and post-judgment interest.

F. Award Plaintiffs legal and equitable relief under 42 U.S.C. § 1983.

G. Award Plaintiffs their reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988.

H. Award any other relief this Court deems just and proper.

Respectfully submitted,

Dated: April 12, 2019  CLARK HILL PLC

*/s/ Jonathan D. Klein*
Jonathan D. Klein, Esquire (Id. No. M10004605)
830 Third Avenue, Suite 200
New York, New York 10022
Tel. 215.640.8535
Fax 215.640.8501
Jklein@ClarkHill.com

*Attorneys for Plaintiffs and the Proposed Class*

221461280.1 95523/338209

Gregory N. Longworth (*Admitted Pro Hac Vice*)
Clark Hill PLC
200 Ottawa NW, Suite 500
Grand Rapids, Michigan 49503
Tel. 616.608.1100
Fax 616.608.1199
GLongworth@ClarkHill.com

Daniel J. Dulworth (*Admitted Pro Hac Vice*)
Clark Hill PLC
500 Woodward Ave., Suite 3500
Detroit, Michigan 48226
Tel. 313.965.8300
Fax 313.965.8252
DDulworth@ClarkHill.com

John J. Bursch (*Pro Hac Vice To Be Filed*)
BURSCH LAW PLLC
9339 Cherry Valley Ave. SE, #78
Caledonia, Michigan 49316
Tel. 616.450.4235
jbursch@burschlaw.com