UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

DAVID SEIDEMANN, an individual, BRUCE    :
MARTIN, an individual, and on behalf of all    :
others similarly situated,    :
    :
    Plaintiffs,    :
    :    Index No. 1:18-cv-09778
    v.    :    (KPF)
    :
    :
PROFESSIONAL STAFF CONGRESS LOCAL    :
2334; FACULTY ASSOCIATION OF SUFFOLK    :
COUNTY COMMUNITY COLLEGE; UNITED    :
UNIVERSITY PROFESSIONS,    :
FARMINGDALE STATE COLLEGE CHAPTER;    :
NATIONAL EDUCATION ASSOCIATION OF    :
THE UNITED STATES; AMERICAN    :
FEDERATION OF TEACHERS; AMERICAN    :
FEDERATION OF LABOR AND CONGRESS    :
OF INDUSTRIAL ORGANIZATIONS;    :
AMERICAN ASSOCIATION OF UNIVERSITY    :
PROFESSORS COLLECTIVE BARGAINING    :
CONGRESS; NEW YORK STATE UNITED    :
TEACHERS,    :
    :
    Defendants.    :
    :

------------------------------------------------------------ X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038
(212) 806-5400

*Co-counsel for Professional Staff Congress
Local 2334; American Federation of Teachers;
and New York State United Teachers*

-and-

ROBERT T. REILLY, ESQ.
52 Broadway, 9th Floor
New York, New York 10004
(212) 228-3382

*Co-counsel for Professional Staff Congress
Local 2334; American Federation of Teachers;
and New York State United Teachers*

*Counsel for Faculty Association of Suffolk
County Community College; United University
Professions; Farmingdale State College
Chapter; and National Education Association
of the United States*

COHEN, WEISS & SIMON LLP
900 3rd Ave., Suite 2100
New York, New York 10022
(212) 563-4100

*Co-Counsel for Professional Staff Congress
Local 2334*

PETER ZWIEBACH, ESQ.
65 Broadway, 15th Floor
New York, New York 10004
(212) 981-0182

*Co-Counsel for Professional Staff Congress
Local 2334*

GLADSTEIN, REIF & MEGINNISS, LLP
817 Broadway, 6th Floor
New York, New York 10003
(212) 228-7727

*Counsel for American Federation of Labor and*
*Congress of Industrial Organizations*

LEVY RATNER, P.C.
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100

*Counsel for American Association of*
*University Professors Collective Bargaining*
*Congress*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 3

    Relationships Among the Parties ............................................................................. 3

    The Longstanding Supreme Court Precedent Upholding Agency Fees Pre-Janus ................ 5

    Plaintiffs Are Not Now, and Have Not Since Janus, Been Required to Pay Agency Fees .... 6

    This Action ............................................................................................................. 8

ARGUMENT ................................................................................................................. 9

    I.   STANDARD OF REVIEW ............................................................................. 9

    II.  PLAINTIFFS' CLAIMS FOR PROSPECTIVE RELIEF ARE MOOT GIVEN DEFENDANTS UNEQUIVOCAL COMPLIANCE WITH JANUS ............... 9

    III. PLAINTIFFS' FEDERAL CLAIMS FOR REPAYMENT OF PRE-JANUS AGENCY FEES FAIL AS A MATTER OF LAW ......................................... 13

        A.  Defendants Cannot Be Held Liable Retroactively for Actions Taken in Reliance on Supreme Court Precedent and State Law ................................ 13

        B.  The Good Faith Defense Is Available to Private Actors and Is Not Limited to Individuals or Those Fulfilling a Governmental Function ..................... 18

        C.  This Court Need Not Look Beyond the Pleadings to Grant a 12(b)(6) Motion to Dismiss Grounded in the Good Faith Defense ........................... 20

    IV. THE COMPLAINT FAILS TO STATE A CLAIM FOR CONVERSION AND UNJUST ENRICHMENT UNDER NEW YORK COMMON LAW ................... 21

        A.  Plaintiffs' Common Law Claims are Precluded by N.Y. Civ. Serv. Law §215 ......... 21

        B.  Plaintiffs' Conversion and Unjust Enrichment Claims Are Duplicative of, and Subsumed Within, the First Amendment Claim .................................... 22

        C.  Plaintiffs Have Failed to Satisfy the "Martin Rule" and Cannot Allege a Conversion or Unjust Enrichment Claim Against Most Defendants ......................... 24

        D.  The Complaint Further Fails to State a Claim for Conversion Because Pre-Janus Agency Fees Were Authorized Under Presumptively Valid Law ............. 27

        E.  Plaintiffs' Unjust Enrichment Claims Fail as a Matter of Law ................................. 28

CONCLUSION .............................................................................................................. 30

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

1133 Taconic, LLC v. Lartrym Servs., Inc.,
85 A.D.3d 992 (2d Dep't 2011) ............................................................28

Abood v. Detroit Bd. of Educ.,
431 U.S. 209 (1977) ................................................................... *passim*

Aikens v. California,
406 U.S. 813 (1972) (*per curiam*) ........................................................12

Akers v. Md. State Educ. Ass'n,
No. RDB-18-1797, __ F. Supp. 3d __, 2019 WL 1745980
(D. Md. April 18, 2019) ........................................................2, 11, 12, 15

Am. Freedom Def. Initiative v. Metro. Transp. Auth.,
815 F.3d 105 (2d Cir. 2016) (*per curiam*) ............................................12

APWU v. Potter,
343 F.3d 619 (2d Cir. 2003) ................................................................10

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ............................................................................9

Babb v. Cal. Teachers Ass'n,
8:18-cv-00994-JLS-DFM, __ F. Supp. 3d __, 2019 WL 2022222
(C.D. Cal. May 8, 2019) ............................................................ *passim*

Bd. of Ed. of City of New York v. Nyquist,
590 F.2d 1241 (2d Cir. 1979) ..............................................................26

Bd. of Educ. of Farmingdale Union Free Sch. Dist. v. Farmingdale
Classroom Teachers Ass'n, Local 1889, AFT AFL-CIO,
38 N.Y.2d 397 (1975) ........................................................................16

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ............................................................................9

Berman v. New York State Public Emp. Fed'n,
No. 16-cv-204 (DLI) (RLM), 2019 WL 1472582 (E.D.N.Y. 2019) ........................12

Bermudez v. Serv. Emps. Int'l Union, Local 521,
18-cv-04312-VC, 2019 WL 1615414 (N.D. Cal. April 16, 2019) ..........................2, 11, 15, 18

Bradley v. Roe,
    282 N.Y. 525 (1940) ...................................................................................27, 28

Calastri v. Overlock,
    125 A.D.3d 554 (1st Dep't 2015) ...................................................................22, 23

Carey v. Inslee,
    364 F. Supp. 3d 1220 (W.D. Wash. 2019).................................................. *passim*

Carlson v. United Acads.-AAUP/AFT/APEA AFL-CIO,
    265 F.3d 778 (9th Cir. 2001) ..............................................................................12

Chicago Teachers Union, Local No. 1, AFT, AFL-CIO v. Hudson,
    475 U.S. 292 (1986)............................................................................................17

City of Los Angeles v. Lyons,
    461 U.S. 95 (1983)..............................................................................................10

Clapper v. Amnesty Int'l USA,
    568 U.S. 398 (2013)..........................................................................................9, 10

Clement v. City of Glendale,
    518 F.3d 1090 (9th Cir. 2008) ...............................................................14, 15, 19

Colavita v. New York Organ Donor Network, Inc.,
    8 N.Y.3d 43 (2006) ........................................................................................25, 28

Colo. Labor Council, AFL-CIO v. Am. Fed'n of Labor and Congress of Indus.
Orgs.,
    481 F.2d 396 (10th Cir. 1973) ............................................................................26

Cook v. Brown,
    364 F. Supp. 3d. 1184 (D. Or. 2019) ......................................................... *passim*

Cooper v. New York State Dep't of Labor,
    819 F.3d 678 (2d Cir. 2016).................................................................................9

Corsello v. Verizon New York, Inc.,
    18 N.Y.3d 777 (2012) .....................................................................................23, 24

Crockett v. NEA-Alaska,
    367 F. Supp. 3d 996 (D. Alaska 2019) ...................................................... *passim*

Danielson v. Am. Fed'n of State, Cty., & Mun. Emps., Council 28, AFL-CIO,
    340 F. Supp. 3d 1083 (W.D. Wash. 2018)................................................. *passim*

Danielson v. Inslee,
    345 F. Supp. 3d 1336 (W.D. Wash. 2018)..........................................................11

Ellis v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers,
  Express & Station Emps.,
  466 U.S. 435 (1984).................................................................17

Filarsky v. Delia,
  566 U.S. 377 (2012)...........................................................18, 19

Friedrichs v. Cal. Teachers Ass'n,
  578 U.S. __, 136 S. Ct. 1083 (2016) (*per curiam*) .............17, 18

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,
  528 U.S. 167 (2000).................................................................10

GFRE, Inc. v. U.S. Bank, N.A.,
  130 A.D.3d 569 (2d Dep't 2015) ............................................28

Goel v. Bunge, Ltd.,
  820 F.3d 554 (2d Cir. 2016)...............................................20, 25

Goldstein v. Olympus Optical Co., Ltd.,
  98 A.D.2d 991 (4th Dep't 1983) .............................................28

Hanna v. Plumer,
  380 U.S. 460 (1965)...................................................................9

Harlow v. Fitzgerald,
  457 U.S. 800 (1982)...................................................................19

Harris v. Quinn,
  573 U.S. 616 (2014)......................................................... *passim*

Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.,
  331 F. Supp. 3d 130 (S.D.N.Y. 2018).....................................24

Hoffman v. Inslee,
  No. C14-200-MJP, 2016 WL 6126016 (W.D. Wash. Oct. 19, 2016)....................19

Hough v. SEIU Local 521,
  18-cv-04902-VC, 2019 WL 1785414 (N.D. Cal. April 16, 2019)..........................2, 14, 18, 19

Hughes v. Ester C. Co.,
  330 F. Supp. 3d 862 (E.D.N.Y. 2018) ...................................24

Iron Arrow Honor Soc'y v. Heckler,
  464 U.S. 67 (1983)....................................................................9

Janus v. Am. Fed'n of State, Cty., & Mun. Emps., Council 31,
  585 U.S. __, 138 S. Ct. 2448 (2018)....................................... *passim*

Janus v. Am. Fed'n of State, Cty. & Mun. Emps. Council 31, AFL-CIO,
   1:15-cv-01235-RWG, 2019 WL 1239780 (N.D. Ill. Mar. 18. 2019) ............................ *passim*

Jarvis v. Cuomo,
   660 F. App'x 72 (2d Cir. 2016), cert. denied, 137 S. Ct. 1204 (2017) ........................... *passim*

Jarvis v. Cuomo,
   No. 5:14-cv-1459, 2016 WL 278934 (N.D.N.Y. Jan. 21, 2016), aff'd 660 F.
   App'x 72 (2d Cir. 2016), cert. denied, 137 S. Ct. 1204 (2017) ................................12

In re JetBlue Airways Corp. Privacy Litigation,
   379 F. Supp. 2d 299 (E.D.N.Y. 2005) ...................................................................29

Jordan v. Fox, Rothschild, O'Brien & Frankel,
   20 F.3d 1250 (3d Cir. 1994).........................................................................14, 15, 19

Jund v. Town of Hempstead,
   941 F.2d 1271 (2d Cir. 1991)..............................................................................25

Kamen v. Am. Tel. & Tel. Co.,
   791 F.2d 1006 (2d Cir. 1986)..............................................................................10

Komolov v. Segal,
   144 A.D.3d 487 (App. Div. 1st Dep't 2016) ...........................................................22

Lahendro v. New York State United Teachers Ass'n,
   88 A.D.3d 1142 (3d Dep't 2011).........................................................................25

Lamb v. Cheney & Son,
   227 N.Y. 418 (1920) ........................................................................................16

Lamberty v. Conn. State Police Union,
   No. 3:15-cv-378 (VAB), 2018 WL 5115559 (D. Conn. Oct. 19, 2018)..................11

Leder v. Am. Traffic Sols., Inc.,
   81 F. Supp. 3d 211 (E.D.N.Y. 2015), aff'd, 630 F. App'x 61 (2d Cir. 2015) ........23

Lee v. Ohio Educ. Ass'n,
   366 F. Supp. 3d 980 (N.D. Ohio 2019)........................................................2, 14,15

Lehnert v. Ferris Faculty Ass'n,
   500 U.S. 507 (1991)..........................................................................................17

Locke v. Karass,
   555 U.S. 207 (2009)..........................................................................................17

Los Angeles Cty. v. Davis,
   440 U.S. 625 (1979)..........................................................................................11

Madden v. Atkins,
   4 N.Y.2d 283 (1958) ................................................................................25

Marini v. Adamo,
   644 F. App'x 33 (2d Cir. 2016) ...............................................................23

Martin v. Curran,
   303 N.Y. 276 (1951) ......................................................................24, 25, 27

McAulay v. Bd. of Educ. of City of New York,
   76 A.D.2d 779 (1st Dep't 1980), aff'd, 54 N.Y.2d 656 (1981) ...........5, 17

Modeste v. Local 1199, Drug, Hosp. and Health Care Emps. Union,
   RWDSU, AFL-CIO,
   850 F. Supp. 1156 (S.D.N.Y. 1994), aff'd, 38 F.3d 626 (2d Cir. 1994)................................25

Mooney v. Ill. Educ. Ass'n,
   1:18-cv-01439, __ F. Supp. 3d __, 2019 WL 1575186
   (C.D. Ill. April 11, 2019) ........................................................2, 15, 17, 18

Morpurgo v. Bd. of Higher Ed. in City of New York,
   423 F. Supp. 704 (S.D.N.Y. 1976) ...........................................................26

Morrissey v. Nat'l Maritime Union of Am.,
   544 F.2d 19 (2d Cir. 1976)........................................................................25

Morton v. Mulgrew,
   144 A.D.3d 447 (1st Dep't 2016) .........................................................25, 27

O'Shea v. Littleton,
   414 U.S. 488 (1974)............................................................................10, 11

Owen v. City of Indep., Mo.,
   445 U.S. 622 (1980)..................................................................................19

Palladino v. CNY Centro, Inc.,
   23 N.Y.3d 140 (2014)...........................................................................25, 27

Pani v. Empire Blue Cross Blue Shield,
   152 F.3d 67 (2d Cir. 1998).........................................................................20

People v. Newspaper & Mail Deliverers' Union of New York & Vicinity,
   250 A.D.2d 207 (1st Dep't 1998) .............................................................25

Phila. Local 192 of Am. Fed'n of Teachers v. Am. Fed'n of Teachers,
   44 F. Supp. 345 (E.D. Pa. 1942) ..............................................................26

Pinsky v. Duncan,
    79 F.3d 306 (2d Cir. 1996) ............................................................................................ *passim*

R.M. Perlman Inc. v. New York Coat, Suit, Dresses, Rainwear &
    Allied Workers' Union Local 89-22-1, I.L.G.W.U.,
    789 F. Supp. 127 (S.D.N.Y. 1992) ...........................................................................27

Reynolds v. Lifewatch, Inc.,
    136 F. Supp. 3d 503 (S.D.N.Y. 2015)......................................................................23

Richardson v. New York City Bd. of Educ.,
    711 F. App'x 11 (2d Cir. 2017) ..........................................................................26, 29

Scheffer v. Civil Serv. Emps. Ass'n, Local 828,
    610 F.3d 782 (2d Cir. 2010).................................................................................5, 17

Smith v. Univ. of Wash.,
    233 F.3d 1188 (9th Cir. 2000) ..................................................................................12

Sung Cho v. City of New York,
    910 F.3d 639 (2d Cir. 2018)......................................................................................14

Susan B. Anthony List v. Driehaus,
    573 U.S. 149 (2014)....................................................................................................9

Thyroff v. Nat'l Mut. Ins. Co.,
    8 N.Y.3d 283 (2007) .................................................................................................25

Torres v. Lacey,
    3 A.D.2d 998 (1st Dep't 1957) .................................................................................25

Vector Research, Inc. v. Howard & Howard Attorneys P.C.,
    76 F.3d 692 (6th Cir. 1996) ..........................................................................14, 15, 19

Warth v. Seldin,
    422 U.S. 490 (1975)............................................................................................10, 11

Wholean v. CSEA SEIU Local 2001,
    3:18-cv-01008-WWE, 2019 WL 1873021 (D. Conn. April 26, 2019)....................2, 11, 15, 18

Winner v. Rauner,
    15-cv-7213, 2016 WL 7374258 (N.D. Ill. Dec. 20, 2016) ........................................... *passim*

Wyatt v. Cole,
    504 U.S. 158 (1992)................................................................................................... *passim*

<u>Yohn v. Cal. Teachers Ass'n,</u>
     No. SACV 17-cv-202-JLS-DFM, 2018 WL 5264076
     (C.D. Cal. Sept. 28, 2018)......................................................................................11

**Statutes**

42 U.S.C. §1983 .................................................................................. *passim*

N.Y. Civ. Serv. Law §208.................................................................................1

N.Y. Civ. Serv. Law §208(3) ............................................................ *passim*

N.Y. Civ. Serv. Law §208(3)(a) ...................................................................5

N.Y. Civ. Serv. Law §209-a(2).............................................................28, 29

N.Y. Civ. Serv. Law §215.................................................................21, 22

**Other Authorities**

Fed. R. Evid. 201(b)........................................................................................25

## PRELIMINARY STATEMENT

Prior to June 27, 2018, public sector labor unions in New York could collect agency fees from nonmembers under <u>Abood v. Detroit Bd. of Educ.</u>, 431 U.S. 209 (1977), and N.Y. Civ. Serv. Law §208, part of the N.Y. Public Employees Fair Employment Act, N.Y. Civ. Serv. Law §§200, *et seq*. ("Taylor Law"). On June 27, 2018, the Supreme Court overruled <u>Abood</u> in <u>Janus v. Am. Fed'n of State, Cty., & Mun. Emps., Council 31</u>, 585 U.S. __, 138 S. Ct. 2448 (2018), which held that compulsory agency fees were no longer permitted in the public sector. Plaintiffs filed suit seeking a declaration that agency fees are unconstitutional, and that N.Y. Civ. Serv. Law §208, the state law permitting the collection of agency, fees is likewise unconstitutional; injunctive relief prohibiting Defendants from collecting agency fees; and a refund of agency fees paid when <u>Abood</u> was the controlling Supreme Court precedent.

Plaintiffs' claims for declaratory and injunctive relief are moot and should be dismissed for lack of jurisdiction. There is no dispute that <u>Janus</u> overruled <u>Abood</u>, and that compelled agency fees from public sector employees violate the First Amendment. In addition, Plaintiffs' employers and unions took immediate steps to comply with <u>Janus</u> and stopped deducting agency fees from nonmembers' wages months *before* Plaintiffs filed this lawsuit. Plaintiff Seidemann has not paid agency fees since July 2018, and agency fees collected from him in the immediate wake of <u>Janus</u> were returned with interest. Plaintiff Martin has not paid agency fees since before <u>Janus</u> was decided. Defendants do not dispute that <u>Janus</u> definitively prohibits agency fees in the public sector, Plaintiffs are not required to pay agency fees, and there is no reason to believe Defendants will not continue to comply with <u>Janus</u> in the future. On just such a record, every district court which has considered the same claims for prospective declaratory and injunctive relief has dismissed the claims as moot. <u>See</u> *infra* at 11-12.

Moreover, Plaintiffs' claims for a refund of pre-Janus agency fees should be dismissed because Defendants collected those fees in good faith reliance on longstanding Supreme Court precedent and New York law. In an unbroken line of decisions, 12 District Court decisions (in 16 cases) applied a good-faith defense to §1983 claims brought in similar circumstances seeking refunds of agency fees collected pre-Janus. See Babb v. Cal. Teachers Ass'n, 8:18-cv-00994-JLS-DFM, __ F. Supp. 3d __, 2019 WL 2022222, at *5-6 (C.D. Cal. May 8, 2019) (dismissing five cases consolidated for arguments and decision); Wholean v. CSEA SEIU Local 2001, 3:18-cv-01008-WWE, 2019 WL 1873021, at *3 (D. Conn. April 26, 2019); Akers v. Md. State Educ. Ass'n, No. RDB-18-1797, __ F. Supp. 3d __, 2019 WL 1745980, at *5 (D. Md. April 18, 2019); Bermudez v. Serv. Emps. Int'l Union, Local 521, 18-cv-04312-VC, 2019 WL 1615414 (N.D. Cal. April 16, 2019); Mooney v. Ill. Educ. Ass'n, 1:18-cv-01439, __ F. Supp. 3d __, 2019 WL 1575186, at *6 (C.D. Ill. April 11, 2019); Lee v. Ohio Educ. Ass'n, 366 F. Supp. 3d 980, 982-83 (N.D. Ohio 2019); Hough v. SEIU Local 521, 18-cv-04902-VC, 2019 WL 1785414, at *1 (N.D. Cal. April 16, 2019); Janus v. Am. Fed'n of State, Cty. & Mun. Emps. Council 31, AFL-CIO, 1:15-cv-01235-RWG, 2019 WL 1239780, at *3 (N.D. Ill. Mar. 18. 2019) ("Janus II"); Carey v. Inslee, 364 F. Supp. 3d 1220, 1229 (W.D. Wash. 2019); Crockett v. NEA-Alaska, 367 F. Supp. 3d 996, 1006 (D. Alaska 2019); Cook v. Brown, 364 F. Supp. 3d. 1184, 1192 (D. Or. 2019); Danielson v. Am. Fed'n of State, Cty., & Mun. Emps., Council 28, AFL-CIO, 340 F. Supp. 3d 1083, 1084-87 (W.D. Wash. 2018) ("Danielson II").

These District Court rulings are in line with the Second Circuit's holding in Jarvis v. Cuomo, 660 F. App'x 72 (2d Cir. 2016) (summary order), cert. denied, 137 S. Ct. 1204 (2017), applying the good faith defense to bar recovery of agency fees collected from homecare workers following the Supreme Court decision in Harris v. Quinn, 573 U.S. 616 (2014). Harris held that

agency fees were not permissible for such workers on the theory that they were not full-fledged public employees. Following <u>Harris</u>, just as has now occurred in the wake of <u>Janus</u>, multiple lawsuits were filed seeking to recover back fees. All of the claims to recover back fees failed, including those rejected in this circuit in <u>Jarvis</u>, finding the claim barred by the good faith defense. 660 F. App'x 72; <u>see also</u> <u>Winner v. Rauner</u>, 15-cv-7213, 2016 WL 7374258 (N.D. Ill. Dec. 20, 2016). The same result should follow here.

Finally, Plaintiffs' duplicative claims for repayment under New York common law similarly fail to state claims as a matter of law.

## STATEMENT OF FACTS

### Relationships Among the Parties

Plaintiffs are public employees under the Taylor Law. Amended Complaint (Dkt. 65) ("Am. Comp."), at ¶¶1-2. Seidemann is employed by the City University of New York ("CUNY") and is part of a collective bargaining unit represented by Defendant Professional Staff Congress, AFT Local 2334 ("PSC"). Am. Comp., ¶1. Martin is employed by Suffolk County Community College ("SCCC") and is part of a collective bargaining unit represented by Faculty Association of Suffolk County Community College ("FASCC"). Am. Comp., ¶2. During 2018, Martin was also employed by Farmingdale State College ("FSC") and was part of a collective bargaining unit represented by United University Professions ("UUP").[1] Am. Comp., ¶2. Neither Plaintiff was a member of his respective union. Am. Comp., ¶¶1-2, 14. Before <u>Janus</u>, Seidemann paid agency fees to PSC and Martin to FASCC and, briefly UUP, under N.Y. Civ.

---

[1] The Amended Complaint named UUP as United University Professions, Farmingdale State College Chapter. There is no such legal entity known as United University Professions, Farmingdale State College Chapter. UUP Decl., ¶¶10-11.

Serv. Law §208(3).  Id.  Neither Plaintiff has paid agency fees since Janus.  Am. Comp., ¶¶1-2. (referring to agency fees paid *prior* to Janus).

PSC, FASCC, and UUP are employee organizations under the Taylor Law and are the recognized collective bargaining representatives for many of the employees of CUNY, SCCC, and FSC, respectively.  Am. Comp., ¶¶3-5; Declaration of Deborah E. Bell, dated May 21, 2019 ("PSC Decl."), ¶8; Declaration of Peter N. DiGregorio, dated May 22, 2019 ("FASCC Decl."), ¶8; Declaration of Tina M. George, dated May 22, 2019 ("UUP Decl."), ¶8.  PSC, FASCC, and UUP are unincorporated associations with approximately 23,000, 1,600, and 38,500 active and retired members, respectively.  PSC Decl., ¶7; FASCC Decl., ¶7; UUP Decl., ¶6.

American Federation of Teachers ("AFT"), National Education Association ("NEA"), American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO"), American Association of University Professors Collective Bargaining Congress ("AAUPCBC"), and New York State United Teachers ("NYSUT"), are organizations that represent workers employed by school districts, higher education institutions, governments, health care institutions, and other public and private sector employers, among others.  Declaration of David J. Strom, dated May 20, 2019 ("AFT Decl."), ¶5; Declaration of James Testerman, dated May 21, 2019 ("NEA Decl."), ¶5; Declaration of Shari Cannon, dated May 20, 2019 ("AFL-CIO Decl."), ¶5; Declaration of Dennis Mazzocco, dated May 24, 2019 ("AAUPCBC Decl."), ¶5; Declaration of Jeffrey J. Lockwood, dated May 20, 2019 ("NYSUT Decl."), ¶5.  AFT, AFL-CIO, AAUPCBC, and NYSUT are also unincorporated associations.  AFT Decl., ¶5; AFL-CIO Decl., ¶5; AAUPCBC Decl., ¶5; NYSUT Decl., ¶5.  Aside from PSC, FASCC, and UUP, none of the other Defendants are certified or recognized collective bargaining representatives for the Plaintiffs or any other New York public employee, and they are not parties to any collective bargaining

agreement with CUNY, SCCC, New York State, or any other New York public employer.  See

Am. Comp., ¶¶1-10, 26; AFT Decl., ¶¶8-9; NEA Decl., ¶¶8-9; AFL-CIO Decl., ¶¶8-9;

AAUPCBC Decl., ¶¶8-9; NYSUT Decl., ¶¶8-9.  The Amended Complaint avers that portions of

the agency fees paid by Plaintiffs were forwarded to AFT, NEA, AFL-CIO, AAUPCBC, and

NYSUT, directly or indirectly, because of affiliation agreements.  Am. Comp., ¶¶1-10, 14.

**The Longstanding Supreme Court Precedent Upholding Agency Fees Pre-_Janus_**

For more than 40 years, Abood permitted states to allow public sector unions to collect

agency fees from nonmembers to contribute to the cost of collective bargaining, contract

administration, and grievance adjustment.  431 U.S. at 217-37.  Abood held that compulsory

agency fees in the public sector did not violate the First Amendment.  Id.

Prior to Janus, New York permitted public employers to enter into agency fee

arrangements with a certified or recognized employee organization.  Under these arrangements,

the employer deducted fees from the wages of nonmember employees and transmitted those fees

to the employee organization.  N.Y. Civ. Serv. Law §208(3)(a); Am. Comp., ¶13.  Only certified

or recognized employee organizations with established procedures to refund nonmember

employees a proportional share of expenditures used in aid of activities or causes of a political or

ideological nature could receive agency fees.  N.Y. Civ. Serv. Law §208(3)(a); Am. Comp., ¶13.

New York's agency fee statute was repeatedly held constitutional under Abood.  See Scheffer v.

Civil Serv. Emps. Ass'n, Local 828, 610 F.3d 782, 793 (2d Cir. 2010) (holding that union's

"constellation of procedures" to refund monies spent on political or ideological activities under

§208 were constitutional); see also McAulay v. Bd. of Educ. of City of New York, 76 A.D.2d

779, 779 (1st Dep't 1980), aff'd, 54 N.Y.2d 656 (1981).

In reliance on <u>Abood</u> and N.Y. Civ. Serv. Law §208(3), PSC, FASCC, and UUP collected agency fees from nonmembers to contribute to the cost of collective bargaining, contract administration, and grievance adjustment. Am. Comp., ¶¶1-5, 13; PSC Decl., ¶11; FASCC Decl., ¶13; UUP Decl., ¶13. That ended on June 27, 2018, when the Supreme Court overruled <u>Abood</u> and held "States and public-sector unions *may no longer* extract agency fees from nonconsenting employees." <u>Janus</u>, 138 S. Ct. at 2486 (emphasis added).

**Plaintiffs Are Not Now, and Have Not Since <u>Janus</u>, Been Required to Pay Agency Fees**

Defendants recognize that compulsory agency fees may no longer be collected in the public sector under <u>Janus</u>. <u>See</u> PSC Decl., ¶27; FASCC Decl., ¶22; UUP Decl., ¶27; AFT Decl., ¶6; NEA Decl., ¶6; AFL-CIO Decl., ¶6; AAUPCBC Decl., ¶6; NYSUT Decl., ¶6. Indeed, Plaintiffs' employers and unions took immediate, affirmative steps to comply with <u>Janus</u>. Neither Plaintiff is now under any compulsion to pay agency fees, nor have they paid any such fees since <u>Janus</u>. Am. Comp., ¶¶1-2 (referring to agency fees paid *prior* to <u>Janus</u>).

Seidemann is a professor at Brooklyn College, a senior college (*i.e.*, four-year college) in the CUNY system. PSC Decl., ¶18. His position is covered by a collective bargaining agreement between PSC and CUNY, which was entered into pre-<u>Janus</u> and contains an agency fee provision. The New York State Comptroller's Office (the "Comptroller") administers employee payroll for CUNY's senior colleges. PSC Decl., ¶19; Am. Comp., ¶32.

On July 3, 2018, less than a week after the Court issued <u>Janus</u>, the Comptroller's Bureau of State Payroll Services issued Bulletin No. 1660, which directed all agencies that utilize the New York State Payroll System – a group that includes CUNY senior colleges – to cease agency fee deduction. PSC Decl., ¶17, Ex. 3. In a July 11, 2018 memorandum e-mail, Margaret Egan, CUNY's Interim Vice Chancellor for Human Resources, notified all CUNY Human Resources

Directors and others that CUNY may no longer deduct agency fees from nonmembers, that such agency fee deductions would stop for community college employees with the July 13, 2018 paycheck, and for senior college employees with the July 19, 2018 paycheck.  PSC Decl., ¶16, Ex. 2.

PSC established a separate interest-bearing bank account for any agency fees deducted by CUNY from nonmembers post-Janus, in order to refund such fees.  PSC Decl., ¶14.  PSC did not use any agency fees deducted post-Janus for any purpose.  Id.,¶14.

CUNY has not deducted agency fees from Seidemann's pay since July 19, 2018.  Id., ¶28.  PSC deposited post-Janus agency fees deducted from Seidemann into its interest-bearing account.  Id., ¶21.  On or about September 6, 2018, PSC mailed a check for $51.76 ("Refund Check") to Seidemann, which represented all post-Janus agency fees deducted from his paycheck, plus interest.  Id., ¶22.  On or about September 24, 2018, Seidemann cashed the Refund Check.  Id., ¶23. PSC has not sought, and will not seek, to enforce the agency fee provision in the PSC-CUNY agreement with regard to Seidemann or any other nonmember post-Janus.  Id., ¶¶9, 30, Ex.1.  PSC understands, based on the policy detailed above, that CUNY will not intentionally deduct agency fees from any nonmember's wages post-Janus.  Id., ¶¶27, 31.  Should PSC receive agency fees in error, it will promptly refund the amounts, with accrued interest.  Id., ¶32.

Similarly, Martin has not had agency fees deducted by SCCC since April 26, 2018.  FASCC Decl., ¶25.  Further, SCCC has not deducted agency fees from any other nonmembers' wages since June 7, 2018.  FASCC Decl., ¶19.  The collective bargaining agreement between FASCC and SCCC, which covers Martin's position and was entered into pre-Janus, contains an agency fee provision.  FASCC Decl., ¶9, Ex. 1.  On June 27, 2018, NYSUT, on behalf of

FASCC, notified SCCC to immediately cease agency fee deduction from nonmembers to comply with Janus. FASCC Decl., ¶21, Ex. 3. Moreover, FASCC has not sought, and will not seek, to enforce the agency fee provision in the FASCC-SCCC CBA with regard to Martin or any other nonmember post-Janus. FASCC Decl., ¶23. FASCC and SCCC acknowledge that compelled agency fees from any nonmember's wages post-Janus is unconstitutional and will not occur in the future. FASCC Decl., ¶¶23-24.

Martin has not paid agency fees to UUP since June 13, 2018. He taught at FSC in 2018 as an adjunct professor, while also working at SCCC. Am. Comp. ¶2; UUP Decl., ¶21. As of May 31, 2018, Martin is no longer employed by FSC. UUP Decl., ¶22. Even if he were, FSC's payroll, like Brooklyn College's payroll, is administered by the Comptroller and subject to Bulletin No. 1660. UUP Decl., ¶¶16-17, Ex. 2. Agency fee deduction for all nonmembers employed by FSC and represented by UUP ceased after the July 11, 2018 paycheck. UUP Decl., ¶18. UUP refunded any agency fees deducted from nonmembers' wages post- Janus. UUP Decl., ¶19. Thus, even if Martin had continued to be employed by FSC, he would not have agency fees deducted from his wages.

**This Action**

Seidemann filed this putative class action lawsuit on October 24, 2018, long after all agency fee collections ceased. On April 12, 2019, Seidemann and Martin filed the Amended Complaint seeking: (a) declarations that agency fees and N.Y. Civ. Serv. Law §208(3) ("§208(3)") are unconstitutional under the First Amendment and that any collective bargaining agreement imposing an agency fee is unconstitutional, null and void; (b) injunctions against further collection of agency fees and against the enforcement of §208(3); and (c) an order that Defendants refund all agency fees collected pre-Janus. Am. Comp., ¶¶B-E.

**ARGUMENT**

I.    **STANDARD OF REVIEW**

       To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible when it has "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). A plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. If plaintiffs have not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Twombly, 550 U.S. at 570. Courts must accept as true the allegations in the complaint, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. Federal courts apply this standard to claims under both state and federal law. See Hanna v. Plumer, 380 U.S. 460, 465 (1965); Cooper v. New York State Dep't of Labor, 819 F.3d 678, 680 (2d Cir. 2016).

II.    **PLAINTIFFS' CLAIMS FOR PROSPECTIVE RELIEF ARE MOOT GIVEN DEFENDANTS UNEQUIVOCAL COMPLIANCE WITH JANUS**

       The Court lacks subject matter jurisdiction over Plaintiffs' claims for declaratory and injunctive relief (the "prospective claims") because they are nonjusticiable under Article III of the United States Constitution, which "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Susan B. Anthony List v. Driehaus, 573 U.S. 149, 157 (2014) (quoting U.S. Const., Art. III, § 2). A case is nonjusticiable if plaintiffs' claims are moot, Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983), or if plaintiffs lack standing to bring them, Clapper v.

Amnesty Int'l USA, 568 U.S. 398, 408 (2013); see also City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (holding that equitable remedy of an injunction is unavailable absent showing of any real or immediate threat plaintiff will be wronged). A plaintiff must establish standing "separately for each form of relief sought." See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 185 (2000). [2] When determining subject matter jurisdiction, the court has the power and obligation to consider matters outside the pleadings to determine whether jurisdiction exists. See APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).

There is no live controversy about the constitutionality of agency fees post-Janus. Defendants do not dispute Janus's holding that the First Amendment prohibits compulsory collection of agency fees from nonmembers in the public sector. PSC Decl., ¶27; FASCC Decl., ¶22; UUP Decl., ¶27; AFT Decl., ¶6; NEA Decl., ¶6; AFL-CIO Decl., ¶6; AAUPCBC Decl., ¶6; NYSUT Decl., ¶6. Moreover, in response to the Supreme Court's decision, and months before Seidemann initiated this case, PSC, FASCC, and UUP complied with Janus when they ceased collecting agency fees from nonmember public employees, as did the Comptroller, CUNY, and SCCC when they ceased deducting agency fees. See PSC Decl., ¶¶13-17; FASCC Decl., ¶¶20-24, UUP Decl., ¶¶15-18, 27. While Plaintiffs affirmatively state that they paid agency fees *prior* to Janus, neither allege that they paid agency fees after. Am. Comp., ¶¶1-2. Plaintiffs' vague, conclusory assertion that other members of the putative class will "continue to suffer irreparable

---

[2] It is immaterial that this case was brought as a putative class action, because Plaintiffs must allege "that they personally have been injured, not that injury has been suffered by other, unidentified members of the class." See Warth v. Seldin, 422 U.S. 490, 502 (1975) ("Unless these petitioners can thus demonstrate the requisite case or controversy between themselves personally and respondents, 'none may seek relief on behalf of himself or any other member of the class.'" (internal citations omitted)); see also O'Shea v. Littleton, 414 U.S. 488, 494 (1974) (if named plaintiffs cannot "establish[] the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class").

harm," Am. Comp., ¶37, is not sufficient to create a case or controversy.  See Warth v. Seldin, 422 U.S. 490, 502 (1975); O'Shea v. Littleton, 414 U.S. 488, 494 (1974).

Furthermore, "it can be said with assurance that there is no reasonable expectation that the alleged violation will recur."  Los Angeles Cty. v. Davis, 440 U.S. 625, 631 (1979) (internal quotation marks omitted).  As described, the Comptroller, CUNY and SCCC are no longer deducting agency fees from nonmember employees.  PSC Decl., ¶¶16-17, 30, Exs. 2, 3; FASCC Decl., ¶24, UUP Decl., ¶¶15-18, Ex. 2.  And PSC, FASCC, and UUP have no ability to unilaterally recommence agency fee deductions, which were previously paid through employer-controlled payroll deduction.  Am. Comp., ¶¶13-14, 39.  Accordingly, Plaintiffs' prospective claims are moot, not justiciable and should be dismissed.

Every other District Court considering near-identical post-Janus challenges dismissed claims for prospective relief as moot.  See Carey, 364 F. Supp. 3d at 1227 (claim for injunctive relief dismissed as moot because union was in compliance with Janus, and it "would be highly illogical for [the union] to revert its practices back to their pre-Janus state unless the Supreme Court again changed course. . . . The state and [union] have ceased the activities that Plaintiffs have complained of and have shown that there is little possibility of their resumption."); see also Danielson v. Inslee, 345 F. Supp. 3d 1336, 1340 (W.D. Wash. 2018) ("Danielson I") ("[B]ecause the State Defendants have met their burden to show that the challenged agency fees cannot reasonably be expected to recur, Plaintiffs' claims are moot."); Danielson II, 340 F. Supp. 3d at 1085-86 ; Yohn v. Cal. Teachers Ass'n, No. SACV 17-cv-202-JLS-DFM, 2018 WL 5264076, at *4 (C.D. Cal. Sept. 28, 2018); Lamberty v. Conn. State Police Union, No. 3:15-cv-378 (VAB), 2018 WL 5115559 (D. Conn. Oct. 19, 2018); Cook, 364 F. Supp. 3d at 1188-90; Bermudez, 2019 WL 1615414, at *1; Akers, 2019 WL 1745980, at *5; Wholean, 2019 WL 1873021, at *3;

Babb, 2019 WL 2022222, at *4-5; Berman v. New York State Public Emp. Fed'n, No. 16-cv-204 (DLI) (RLM), 2019 WL 1472582, at *3-4 (E.D.N.Y. 2019).  In reaching these determinations, the District Courts relied upon declarations and state policy like those presented here.  See, e.g., Cook, 364 F. Supp. 3d at 1189; Carey, 364 F. Supp. 3d at 1226-27; Akers, 2019 WL 1745980, at *4-5.

The "voluntary cessation" exception to the mootness doctrine does not apply here.  When a defendant changes its position in response to a change in the law, the cessation of the challenged conduct is not "voluntary" for mootness analysis.  See Smith v. Univ. of Wash., 233 F.3d 1188, 1194-95 (9th Cir. 2000); see also Am. Freedom Def. Initiative v. Metro. Transp. Auth., 815 F.3d 105, 110 (2d Cir. 2016) (per curiam) (holding claims moot where MTA changed its policies following grant of preliminary injunction).  That is true whether the change of position is in response to a newly enacted statute, or the result of a judicial decision.  See Aikens v. California, 406 U.S. 813 (1972) (per curiam).  As discussed, PSC, FASCC, and UUP ceased collecting agency fees in direct response to the change of law brought about by Janus.  It cannot reasonably be said that agency fee collection is likely to resume.  In Cook, the District Court rejected an identical voluntary cessation doctrine argument, holding that "a change in Supreme Court case law coupled with evidence of [the union's] compliance with that case law is an interim event that precludes further legal violations…."  364 F. Supp. 3d at 1189.  Further, "[i]t is unreasonable to think that the Union would resort to conduct" – even if it could do so unilaterally – "that it had admitted in writing was constitutionally deficient and had attempted to correct."  Carlson v. United Acads.-AAUP/AFT/APEA AFL-CIO, 265 F.3d 778, 786 (9th Cir. 2001); Jarvis v. Cuomo, No. 5:14-cv-1459, 2016 WL 278934, at *3 (N.D.N.Y. Jan. 21, 2016), aff'd 660 F. App'x 72 (2d Cir. 2016) (summary order), cert. denied, 137 S. Ct. 1204 (2017).

## III.    PLAINTIFFS' FEDERAL CLAIMS FOR REPAYMENT OF PRE-JANUS AGENCY FEES FAIL AS A MATTER OF LAW

### A.    Defendants Cannot Be Held Liable Retroactively for Actions Taken in Reliance on Supreme Court Precedent and State Law

The good faith defense bars Plaintiffs' claims under 42 U.S.C. §1983 to recover agency fees collected and expended pre-Janus as permitted by controlling Supreme Court precedent and New York law.[3]  Wyatt v. Cole, 504 U.S. 158 (1992); Jarvis, 660 F. App'x at 75-76; Pinsky v. Duncan, 79 F.3d 306, 313 (2d Cir. 1996).

Jarvis is the leading case on point in this Circuit.  In that case, the Second Circuit applied the good faith defense to reject claims seeking to recover the subset of agency fees ruled unlawful in Harris.[4]  The court explained that the District Court "correctly determined that [the union] was here entitled to a good faith defense," as the union "relied on a validly enacted state law and the controlling weight of Supreme Court precedent" in collecting the fees.  Jarvis, 660 F. App'x at 75-76.  The court further stated that "because it was objectively reasonable for [the union] 'to act on the basis of a statute not yet held invalid,' defendants are not liable for damages stemming from the pre-Harris collection of fair share fees."  Id. At 76. (internal citations omitted)); see also Wyatt, 504 U.S. at 174 (Kennedy, J., concurring) ("[A] private individual's reliance on a statute, prior to a judicial determination of unconstitutionality, is considered reasonable as a matter of law").

---

[3]  Plaintiffs allege state action by Defendants. and presume that Janus applies retroactively.  Defendants are private entities, not state actors, and do not concede that any of the actions challenged in the complaint were taken under color of state law.  However, solely for the purposes of this motion, Defendants do not challenge that the collection of agency fees was done under color of state law.  Defendants similarly do not brief here the question as to whether Janus is retroactive, but argue that even if Janus did apply retroactively (which Defendants do not concede), the claims for retroactive relief should be dismissed.

[4]  Harris involved a First Amendment challenge to the collection of mandatory agency fees from quasi-governmental employees.  The Supreme Court declined to extend Abood to the quasi-governmental context.  While Harris criticized Abood, the Court did not overrule it in the public sector context.  Harris, 573 U.S. 616.

Jarvis follows an unbroken line of appellate decisions that acknowledge the availability of an affirmative good faith defense for private parties sued under Section 1983 following Wyatt. See Clement v. City of Glendale, 518 F.3d 1090 (9th Cir. 2008) (applying the good faith defense to a search and seizure claim); Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692 (6th Cir. 1996) (applying the good faith defense to a search and seizure claim); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250 (3d Cir. 1994) (applying the good faith defense to a Sixth Amendment violation). Cf. Pinsky, 79 F.3d at 306 (applying the good faith defense in an attachment context).

This Court should fully apply Jarvis to this matter, as it was extensively briefed, well-reasoned, directly on point, and consistent with Second Circuit precedent in Pinsky and the holdings of other district and circuit courts. Although Jarvis is a summary order, the Second Circuit recently stated that unpublished summary orders "merely apply established law to particular sets of facts. *But precisely because such orders illustrate routine applications of established law, the pattern of results that they reach can provide an informative survey of the kinds of cases in which a doctrine has been found unproblematically to apply or not to apply*." Sung Cho v. City of New York, 910 F.3d 639, 646 n.7 (2d Cir. 2018) (emphasis added). The Jarvis court considered facts and arguments nearly identical to the instant matter.

That Jarvis reflects the correct rule is only confirmed by the reality that every district court to date (12 decisions in all) that has considered whether plaintiffs may recover retroactive fees under Janus has dismissed the claim. Danielson II, 340 F. Supp. 3d at 1084-87, Cook, 364 F. Supp. 3d. at 1192; Carey, 364 F. Supp. 3d at 1229; Crockett, 367 F. Supp. 3d at 1003-04; Janus II, 2019 WL 1239780, at *3; Hough, 2019 WL 1785414, at *1; Lee, 366 F. Supp. 3d at

14

982-83; <u>Mooney</u>, 2019 WL 1575186, at *6; <u>Bermudez</u>, 2019 WL 1615414, at *1; <u>Akers</u>, 2019 WL 1745980, at *5; <u>Wholean</u>, 2019 WL 1873021, at *3; <u>Babb</u>, 2019 WL 2022222, at *5-6.

For instance, in <u>Danielson II</u>, the court relied on <u>Wyatt</u>, <u>Clement</u>, <u>Pinsky</u>, <u>Vector</u>, and <u>Jordan</u> in explaining that there was "ample authority" to apply the good faith defense to a claim for back fees following <u>Janus</u>. <u>See</u> 340 F. 3d at 1085. The court found that "[w]hen engaging in bargaining representation and other pro-union activities funded by Plaintiffs' agency fees, the Union Defendant followed the then-applicable laws, because prior to <u>Janus</u>, collection and use of compelled agency fees was lawful." <u>Id.</u> It further explained that "[t]he constitutional defect . . . could not have been identified by the Union Defendant, because although the Supreme Court hinted at overruling <u>Abood</u>, it did not explicitly so determine until <u>Janus</u>." <u>Id.</u>

Likewise, in <u>Cook</u>, the court dismissed post-<u>Janus</u> claims based on the good faith defense. The court explained, that the union "justifiably relied on statutes that were valid under <u>Abood</u>," and that "holding [AFSCME] liable for monetary damages solely because certain Justices had expressed doubt about <u>Abood's</u> reasoning would be unworkable and highly inequitable." 364 F. Supp. 3d at 1193; <u>see</u> <u>also</u> <u>id.</u> at 1192 ("reading the tea leaves of Supreme Court dicta has never been a precondition to good faith reliance on governing law"). The court further observed that "[p]recluding a good faith defense based on subjective predictions of when the Supreme Court would overrule precedent would also imperil the rule of law." <u>Id.</u> at 1193; <u>see</u> <u>also</u> <u>Carey</u>, 364 F. Supp. 3d at 1231; <u>Crockett</u>, 367 F. Supp. 3d at 1006; <u>Janus II</u>, 2019 WL 1239780, at *2-3.

In other post-<u>Janus</u> cases, plaintiffs have consistently argued, and district courts have consistently rejected, attempts to limit the good faith defense to instances where the analogous tort contained a scienter requirement. <u>See</u> <u>Danielson II</u>, 340 F. Supp. 3d at 1086; <u>Cook</u>, 364 F.

Supp. 3d at 1191; Carey, 364 F. Supp. 3d at 1229-30; Crockett, 367 F. Supp. 3d at 1004-05; Janus II, 2019 WL 1239780 at *2; Babb, 2019 WL 2022222, at *6. That rejection is wholly consistent with Jarvis, which confirms the Second Circuit's view that a good faith defense applies to unions in the context of §1983 claims seeking recovery of agency fees previously constitutionally collected, regardless of whether the analogous tort at common law required scienter. 660 Fed. App'x at 75; see also Winner, 2016 WL 7374258.

Even if the good faith defense were predicated on a common law tort with a scienter requirement, it would not help Plaintiffs here. Although Plaintiffs assert that the most analogous common law tort is conversion—which self-servingly contains no scienter requirement—that is not the most closely analogous tort. Plaintiffs' First Amendment claim is based on Defendants' use of governmental process, §208(3), to violate their First Amendment rights. Thus, abuse of process, not conversion, is the most analogous tort and contains a scienter requirement at common law. See Cook, 364 F. Supp. 3d at 1191 (citing Wyatt, 504 U.S. at 164; Danielson II, 340 F. Supp. 3d at 1086); Crockett, 367 F. Supp. 3d at 1005-6 (abuse of process or tortious interference with contract are more closely analogous torts than conversion); Babb, 2019 WL 2022222, at *7 (post-Janus claims similar to dignitary torts, such as defamation or abuse of process). Claims for abuse of process and tortious interference with contract require intent under New York law. See Bd. of Educ. of Farmingdale Union Free Sch. Dist. v. Farmingdale Classroom Teachers Ass'n, Local 1889, AFT AFL-CIO, 38 N.Y.2d 397, 403 (1975); Lamb v. Cheney & Son, 227 N.Y. 418, 421 (1920). Thus, "even under Plaintiffs' proposed rule, the good-faith defense is available to the Union Defendants." Babb, 2019 WL 2022222, at *6.

It is anticipated that Plaintiffs will also argue that Defendants were on notice of Abood's unconstitutionality due to dicta in Harris. But the Second Circuit (and other courts) disagrees:

"[e]very statute should be considered valid until there is a judicial determination to the contrary." Pinsky, 79 F.3d at 313.  Defendants objectively acted in good faith by following Abood when it was controlling.  See Wyatt, 504 U.S. at 174 (Kennedy, J., concurring) ("[A] private individual's reliance on a statute, prior to a judicial determination of unconstitutionality, is considered reasonable as a matter of law.").  Holding Defendants liable for not being able to determine with exacting certainty what the Supreme Court would do regarding Abood is unworkable and inequitable.  See Danielson II, 340 F. Supp. 3d at 1086; Cook, 364 F. Supp. 3d at 1193; Carey, 364 F. Supp. 3d at 1231; Mooney, 2019 WL 1575186, at *10.

It is undisputed that §208(3) was constitutional under Abood.  See Scheffer, 610 F.3d at 793; McAulay, 76 A.D.2d at 779.  Even if Defendants, or more appropriately some of Defendants' staff, subjectively believed that Abood would be overruled by Janus, that would not establish a lack of good faith.  See, e.g., Carey, 364 F. Supp. 3d 1229 ("[A] defendant's expectation about future unconstitutionality is irrelevant because a defendant's own beliefs about what the constitution says holds no weight if they clash with their knowledge of clear judicial precedent.  If anything, a defendant's belief that a prior holding will be overruled only serves to emphasize their awareness of a binding constitutional decree."); Danielson II, 340 F. Supp. 3d at 1086; Cook, 364 F. Supp. 3d at 1193.

Abood was not only the law for more than 40 years, but the Court reaffirmed it and relied upon it as a basis of multiple decisions. See, e.g., Ellis v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Express & Station Emps., 466 U.S. 435 (1984); Chicago Teachers Union, Local No. 1, AFT, AFL-CIO v. Hudson, 475 U.S. 292 (1986); Lehnert v. Ferris Faculty Ass'n, 500 U.S. 507 (1991); Locke v. Karass, 555 U.S. 207 (2009), Harris, 573 U.S. 616; Friedrichs v. Cal. Teachers Ass'n, 578 U.S. __, 136 S. Ct. 1083 (2016) (per curiam).  Friedrichs was affirmed

by an evenly-divided court following the death of the honorable Justice Antonin Scalia. That *per curiam* affirmance only underscores the inability of Defendants – or any entity – to predict when or if the Supreme Court might reverse prior constitutional precedent.

Moreover, outside of the good faith defense, the district court in <u>Hough</u> explained that "there is a strong argument that when the highest judicial authority has previously deemed conduct constitutional, reversal of course by that judicial authority should never, as a categorical matter, result in retrospective monetary relief based on that conduct." <u>Hough</u>, 2019 WL 1785414, at *1; <u>see also</u> <u>Bermudez</u>, 2019 WL 1615414, at *1 ("At least in situations where the Supreme Court has reversed a prior ruling but not specified that the party before it is entitled to retrospective monetary relief, it seems unlikely that lower courts should even consider awarding retrospective monetary relief based on conduct the Court had previously authorized."); <u>Mooney</u>, 2019 WL 1575186, at *10; <u>Wholean</u>, 2019 WL 1873021, at *3. Likewise, no retrospective monetary relief is due here.[5]

### B. The Good Faith Defense Is Available to Private Actors and Is Not Limited to Individuals or Those Fulfilling a Governmental Function

In their January 16, 2019 letter to the Court, Plaintiffs cite <u>Filarsky v. Delia</u>, 566 U.S. 377 (2012), for the proposition that "there is no good-faith defense for private actors." <u>See</u> Dkt. 47. <u>Filarsky</u>, however, holds no such thing. <u>Filarsky</u> does not concern – and certainly does not foreclose – the good faith defense for a private actor. <u>See</u> 566 U.S. at 393. Instead, <u>Filarsky</u> is a

---

[5] Moreover, to the extent Plaintiffs attempt to argue that the good faith defense does not apply because the retrospective monetary relief they seek is equitable in nature, Plaintiffs are mistaken. Plaintiffs cannot repackage their claims for legal damages as sounding in equity to avoid the good faith defense. <u>See</u> <u>Carey</u>, 364 F. Supp. 3d at 1233 (holding a plaintiff cannot circumvent the good faith defense by labeling a claim for legal damages as one for equitable restitution and noting the union's reliance on a presumptively valid statute incompatible with equitable relief); <u>Mooney</u>, 2019 WL 1575186, at *5 (plaintiff's request for pre-<u>Janus</u> agency fees sought a legal, not equitable remedy); <u>Babb</u>, 2019 WL 2022222, at *7-8 (request for fees paid did not seek return of discrete and identifiable property for which the remedy might be replevin). Furthermore, it would be wholly inequitable to hold Defendants liable for following then valid Supreme Court precedent.

case about extending qualified immunity to private individuals hired by the government for specific tasks, and has no applicability to the good faith defense. It did not overrule, or even call into question, the holding in Wyatt.

Defendants anticipate Plaintiffs will also rely on Harlow v. Fitzgerald, 457 U.S. 800, 815-16 (1982), to argue that the good faith defense has been replaced by a subjective qualified immunity standard. See Dkt. 47. This argument has no foundation in Harlow and is contradicted by Wyatt and other subsequent precedent acknowledging the good faith defense. See, e.g., Jarvis, 660 F. App'x at 72; Clement, 518 F.3d at 1090; Pinsky, 79 F.3d at 306; Vector Research, Inc., 76 F.3d at 692; Jordan, 20 F.3d at 1250; Danielson II, 340 F. Supp. 3d at 1083; Winner, 2016 WL 7374258, at *5-6, Hoffman v. Inslee, No. C14-200-MJP, 2016 WL 6126016, at *4-5, (W.D. Wash. Oct. 19, 2016); Cook, 364 F. Supp. 3d at 1190-93; Crockett, 367 F. Supp. 3d at 1003-6; Janus II, 2019 WL 1239780, at *2-3; Hough, 2019 WL 1785414, at *1.

Plaintiffs' further contention, based on Owen v. City of Indep., Mo., 445 U.S. 622, 638 (1980), that the good faith defense applies only to individuals, is likewise meritless. This contention again conflates the good faith defense with qualified immunity and was expressly rejected in Babb, 2019 WL 2022222, at *7. Owen, which declined to apply a good faith defense to a municipality—not a private actor—is inapposite and pre-dates Wyatt. Overwhelmingly, case law following Wyatt has applied the good faith defense to private actors, including unions, regardless of whether the defendant was an individual. See, e.g., Jarvis, 660 F. App'x at 72 (unions afforded good faith defense to §1983 claim); Clement, 518 F.3d at 1097 (towing company afforded good faith defense to §1983 claim); Vector Research, Inc., 76 F.3d at 692 (law firm entitled to good faith defense); Jordan, 20 F.3d at 1250 (law firm entitled to good faith defense).

## C. This Court Need Not Look Beyond the Pleadings to Grant a 12(b)(6) Motion to Dismiss Grounded in the Good Faith Defense

A "court adjudicating [a 12(b)(6) motion] may review only a narrow universe of materials," which generally includes "'facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference and . . . matters of which judicial notice may be taken,'" and documents "integral" to the complaint. Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (internal citations omitted).

Nothing beyond the Amended Complaint is necessary to grant this motion based on the good faith defense. That Defendants acted pursuant to statutory provisions "appears on the face of the complaint," and, therefore, dismissal is appropriate without resort to summary judgment. See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998). Indeed, in Jarvis, the court affirmed the dismissal of the §1983 claim, based on the good faith defense, on a 12(b)(6) motion. 660 F. App'x at 72; see also Winner, 2016 WL 7374258, at *5 ("[R]eliance on relevant precedent was reasonable. . . . [T]he pleadings are a sufficient basis to conclude that the affirmative good-faith defense applies to [the union] as a matter of law.").

Plaintiffs admit that, prior to Janus, the statute relied upon by the Defendants, §208(3), was constitutional. See Am. Comp., Introduction (noting Janus declared agency fees, like those provided for in New York law, unconstitutional). Any suggestion that Defendants' reliance on that law was not in good faith is premised on the baseless idea that Defendants should have divined the Janus holding in advance (see discussion *supra* at 16-18). Whether the Defendants acted in good faith is a purely legal issue regarding application of the good faith defense and the state of the law pre- and post-Janus, requiring no factual development. See Danielson II, 340 F. Supp.3d at 1086 ("Inviting discovery on the subjective anticipation of an unpredictable shift in the law undermines the importance of observing existing precedent and ignores the possibility

that prevailing jurisprudential winds may shift. This is not a practical, sustainable or desirable model. The good faith defense should apply here as a matter of law.").

## IV. THE COMPLAINT FAILS TO STATE A CLAIM FOR CONVERSION AND UNJUST ENRICHMENT UNDER NEW YORK COMMON LAW

Plaintiffs' common law claims lack merit for several reasons. First, New York law bars state-law claims seeking the recovery of pre-<u>Janus</u> agency fees. Second, Plaintiffs' claims are duplicative of, and subsumed within, its claims brought under §1983. Third, Plaintiffs have not pled, as required by New York's "Martin Rule," that each member of the Defendants that are unincorporated associations has individually authorized or ratified the action complained of. Fourth, the Amended Complaint fails to state a claim for conversion because pre-<u>Janus</u> agency fees were authorized under presumptively valid law. And finally, Plaintiffs' unjust enrichment claims fail as a matter of law.

### A. Plaintiffs' Common Law Claims are Precluded by N.Y. Civ. Serv. Law §215

On April 12, 2019, the New York Legislature enacted legislation shielding employers and employee organizations from state-law liability for collecting agency fees prior to <u>Janus</u>. That legislation, which expressly applies to all claims pending or filed after the date <u>Janus</u> issued, provides that employers and labor organizations "shall not be liable for, and shall have a complete defense to" state law claims seeking a refund of agency fees collected by payroll deduction prior to <u>Janus</u>. It further provides that the law "shall not be interpreted to create the inference that any relief made unavailable by this section would otherwise be available." Thus, Plaintiffs' claims under New York common law are precluded by this provision.

By clarifying the law, the Legislature established beyond peradventure that Defendants have a "complete defense" and that no liability could have attached based on their compliance with §208(3) pre-<u>Janus</u>. The placement of this clarification within the Taylor Law is no

accident.  By enacting §208(3) of the Taylor Law, authorizing agency fees, which were

constitutional at the time, the Legislature precluded any common law tort claims based upon

such collection.  Thus, pre-<u>Janus</u> there was no state law theory upon which Plaintiffs could have

recovered agency fees permitted by §208(3).  The recently enacted Section merely confirms that

post-<u>Janus</u>, there continues to be no state law theory for the recovery of agency fees collected

pre-<u>Janus</u>.  *See* <u>Babb</u>, 2019 WL 2022222, at *10-11 (holding near identical California statute –

Cal. Gov. Code §1159 – provided an independent and adequate ground to dismiss pre-<u>Janus</u>

claims under state law, noting §1159 merely clarified existing state law, which undisputedly

provided for agency fees).

> **B.      Plaintiffs' Conversion and Unjust Enrichment Claims Are
> <u>Duplicative of, and Subsumed Within, the First Amendment Claim</u>**

Even if Plaintiffs' tort law and equitable claims were not precluded by N.Y. Civ. Serv.

Law §215, they fail as a matter of law.  Since the facts underlying the conversion and unjust

enrichment claims are identical to those supporting the First Amendment claim, Plaintiffs' state

law claims fail as duplicative of their §1983 claim.

The crux of Plaintiffs' conversion claim is the same as its §1983 claim – Defendants

collection of agency fees constituted an unlawful infringement on Plaintiffs' First Amendment

rights.  Yet, as shown *supra*, that §1983 action fails, dooming the conversion claim.  That is

because, under New York law, where allegations supporting conversion turn on some other right

or tort and are thus the same as those underlying other claims, the conversion claim should be

dismissed as duplicative.  <u>See</u>, <u>e.g.</u>, <u>Komolov v. Segal</u>, 144 A.D.3d 487, 488 (App. Div. 1st

Dep't 2016) (holding that claims for conversion "were duplicative of underlying, unenforceable

contractual claims and thus constituted an impermissible attempt to circumvent the statute of

frauds" (internal citations omitted)); <u>Calastri v. Overlock</u>, 125 A.D.3d 554, 555 (1st Dep't 2015)

(dismissing conversion counterclaim "as it was duplicative of [parties'] trespass to chattel counterclaim, as the former arose from the same facts as the latter and alleges the same damages" (internal citation omitted)).

Likewise, "[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim," as it does here. <u>See</u> <u>Corsello v. Verizon New York, Inc.</u>, 18 N.Y.3d 777, 790 (2012) (internal citations omitted) (dismissing unjust enrichment claim as duplicative of conversion claim). The same limitation extends to unjust enrichment allegations which are merely duplicative of constitutional claims. <u>See</u> <u>Leder v. Am. Traffic Sols., Inc.</u>, 81 F. Supp. 3d 211, 227 (E.D.N.Y. 2015), <u>aff'd</u>, 630 F. App'x 61 (2d Cir. 2015) (dismissing unjust enrichment claim where that claim was "duplicative [of the plaintiff's] §1983 substantive Due Process claim"); <u>see also</u> <u>Marini v. Adamo</u>, 644 F. App'x 33, 35-36 (2d Cir. 2016) ("[T]he district court erred in ruling against defendants on plaintiffs' common law claims of unjust enrichment and money had and received, for those claims were duplicative of the common law fraud and fiduciary duty claims.").

Plaintiffs – perhaps recognizing the shortcomings of their §1983 and conversion claims – plead unjust enrichment as an alternative appeal to equity. However, "if plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects." <u>See</u> <u>Corsello</u>, 18 N.Y.3d at 791; <u>see also</u> <u>Reynolds v. Lifewatch, Inc.</u>, 136 F. Supp. 3d 503, 525 (S.D.N.Y. 2015) ("If Plaintiff's [New York General Business Law (GBL)] and fraud claims are successful, the unjust enrichment claim is duplicative, as all three claims stem from the same underlying allegation . . . . If Plaintiff's GBL and fraud claims are not successful, the reason for their insufficiency would not be remedied by an unjust enrichment claim."). Indeed, "unjust enrichment is not a catchall cause of action to be used when others fail. *It is available only in unusual situations when,*

*though the defendant has not breached a contract nor committed a recognized tort,*

*circumstances create an equitable obligation running from the defendant to the plaintiff.*"

Corsello, 18 N.Y.3d at 790 (emphasis added); see also Hitachi Data Sys. Credit Corp. v.

Precision Discovery, Inc., 331 F. Supp. 3d 130, 152 (S.D.N.Y. 2018) (accord); Hughes v. Ester

C. Co., 330 F. Supp. 3d 862, 877 (E.D.N.Y. 2018) ("Unjust enrichment claims should be

dismissed 'where the violative conduct alleged is conterminous with a conventional tort or

contract claim, regardless of whether the tort or contract claim is dismissed.'" (internal citations

omitted)).  If anything, equity would run against penalizing Defendants who acted under

authority of 40 years of Supreme Court precedent.

### C.     Plaintiffs Have Failed to Satisfy the "Martin Rule" and Cannot Allege a Conversion or Unjust Enrichment Claim Against Most Defendants

PSC, FASCC, UUP, AFT, AFL-CIO, AAUPCBC, and NYSUT are unincorporated

associations.  See PSC Decl., ¶7; FASCC Decl., ¶7; UUP Decl., ¶6; AFT Decl., ¶5; AFL-CIO

Decl., ¶5; AAUPCBC Decl., ¶5; NYSUT Decl., ¶5.  Thus, to succeed on their state law claims

against these Defendants, Plaintiffs must satisfy the requirements of N.Y. Gen. Assoc. Law §13,

commonly referred to as the "Martin Rule."  See Martin v. Curran, 303 N.Y. 276 (1951).[6]  In

Martin, a libel case against an unincorporated union, the New York Court of Appeals,

interpreting N.Y. Gen. Assoc. Law §13, held that an action against an unincorporated association

cannot be maintained unless the plaintiff pleads and proves that all members of the association—

*i.e.*, all members of the union, and not merely some of them acting as agents for others—are

liable in that each member individually authorized or ratified the action complained of.  303 N.Y.

at 280.  It does not matter whether the claim arises out of contract or tort.  Id. at 281-82; see also

---

[6] NEA is incorporated and this defense is not asserted on its behalf.

Lahendro v. New York State United Teachers Ass'n, 88 A.D.3d 1142 (3d Dep't 2011).  The

New York Court of Appeals most recently reaffirmed Martin in Palladino v. CNY Centro, Inc.,

23 N.Y.3d 140 (2014).  See also Morton v. Mulgrew, 144 A.D.3d 447, 448 (1st Dep't 2016).[7]

Federal courts apply Martin to claims brought under New York law.  See Morrissey v.

Nat'l Maritime Union of Am., 544 F.2d 19, 33 (2d Cir. 1976); Modeste v. Local 1199, Drug,

Hosp. and Health Care Emps. Union, RWDSU, AFL-CIO, 850 F. Supp. 1156, 1158 (S.D.N.Y.

1994), aff'd, 38 F.3d 626 (2d Cir. 1994).  In Modeste, then-Judge Sotomayor noted that Jund v.

Town of Hempstead, 941 F.2d 1271, 1281 (2d Cir. 1991), held Martin inapplicable to §1983

claims, but applied Martin to pendent state law claims, reaffirming that plaintiffs could not be

"granted greater state substantive rights because they sued in federal court instead of state court."

Modeste, 850 F. Supp. at 1167.  The court recognized that "New York's Martin rule imposes an

onerous and almost insurmountable burden on individuals seeking to impose liability on labor

unions," but continued stating "[that it was] in no position to question the wisdom of the New

York Court of Appeals in Martin," and dismissed the state law claims.  Id., at 1168.

Modeste was decided on a Rule 12(b)(6) motion and the same result should occur here.

On a motion to dismiss under Rule 12(b)(6) a court may consider, *inter alia*, matters of which

judicial notice may be taken.  Goel, 820 F.3d at 559.  A court "may judicially notice a fact that is

not subject to reasonable dispute because it: (1) is generally known within the trial court's

territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  This Court may take judicial

---

[7]  In limited circumstances not present here, courts have declined to apply Martin.  See, e.g., Madden v. Atkins, 4
N.Y.2d 283, 296 (1958) (claims involving expulsion from a union); Torres v. Lacey, 3 A.D.2d 998 (1st Dep't 1957)
(negligence); People v. Newspaper & Mail Deliverers' Union of New York & Vicinity, 250 A.D.2d 207, 214 (1st
Dep't 1998) (statutory claims).  Conversion is an intentional tort under New York common law.  See Thyroff v.
Nat'l Mut. Ins. Co., 8 N.Y.3d 283 (2007); Colavita v. New York Organ Donor Network, Inc., 8 N.Y.3d 43 (2006).

notice of the fact that the Defendants are unincorporated associations.  Defendants' status is readily ascertainable and cannot reasonably be disputed.  Defendants set forth their status both in accompanying declarations and in the disclosure statements submitted to this Court pursuant to Federal Rule of Civil Procedure 7.1.  See PSC Decl., ¶7; FASCC Decl., ¶7; UUP Decl.,¶6; AFT Decl., ¶5; AFL-CIO Decl., ¶5; AAUPCBC Decl., ¶5; NYSUT Decl., ¶5; see also Fed. R. Civ. Pro. 7.1 filings for each unincorporated Defendant, Dkts. 54-57, 59, 79-80.

Moreover, numerous courts have recognized these Defendants' status as unincorporated associations without contention.  See, e.g., Bd. of Ed. of City of New York v. Nyquist, 590 F.2d 1241, 1243-44 (2d Cir. 1979) (stating that NYSUT "is an unincorporated membership association"); Colo. Labor Council, AFL-CIO v. Am. Fed'n of Labor and Congress of Indus. Orgs., 481 F.2d 396, 397 (10th Cir. 1973) ("The AFL-CIO is an unincorporated association, headquartered in Washington, D.C. . . ."); Morpurgo v. Bd. of Higher Ed. in City of New York, 423 F. Supp. 704, 716 (S.D.N.Y. 1976) (noting that PSC is "an unincorporated labor organization"); Phila. Local 192 of Am. Fed'n of Teachers v. Am. Fed'n of Teachers, 44 F. Supp. 345, 346 (E.D. Pa. 1942) (noting that AFT is "an unincorporated and trade-union association").  Accordingly, these facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," and are a proper subject for judicial notice. See Richardson v. New York City Bd. of Educ., 711 F. App'x 11, 13 (2d Cir. 2017) (taking judicial notice of collective bargaining agreements on appeal of motion to dismiss).

Plaintiffs' added assertions in the Amended Complaint that in 2001 the PSC Delegate Assembly, a subset of PSC members, approved, presumably by a majority vote, a change in the preexisting agency fees collected by the union does not obviate the application of the Martin Rule.  Am. Comp., ¶¶15-17.  Even less compelling is the wholly speculative assertion that

FASCC and UUP "went through a similar process" at an unknown time to establish agency fee amounts. Id., ¶18. The rationale underlying the Martin Rule is that an unincorporated membership association (like Defendants) "has no existence independent of its members," and courts will not "impl[y]" that any one member authorizes or ratifies the association's conduct on behalf of, or as agent for, any other member. Martin, 303 N.Y. at 280 ("No agency of one member for another is implied."); see also R.M. Perlman Inc. v. New York Coat, Suit, Dresses, Rainwear & Allied Workers' Union Local 89-22-1, I.L.G.W.U., 789 F. Supp. 127, 131 (S.D.N.Y. 1992) (applying State law and holding that the Martin Rule "is designed to protect the members of the unincorporated association from unwitting liability for the acts of other members").

The Court of Appeals has rejected similar assertions. In Palladino, for example, the Court of Appeals found the plaintiff's claim based on the alleged mishandling of a contractual grievance was fatally defective under Martin, explaining that "[e]ven if the members did vote to take a particular action on a grievance," the plaintiff would still need to "plead and prove that the voting was unanimous." 23 N.Y.3d at 148; see id. at 145-46; see also Morton, 144 A.D.3d at 448 (affirming dismissal of claim under Martin Rule despite assertion that union members voted to ratify challenged collective bargaining agreement).

Therefore, any conversion or unjust enrichment claims should be dismissed under Martin because the Amended Complaint lacks any allegation, let alone a plausible allegation, that every member of each Defendant organization ratified the alleged conversion or unjust enrichment.

**D.     The Complaint Further Fails to State a Claim for Conversion Because Pre-Janus Agency Fees Were Authorized Under Presumptively Valid Law**

Defendants cannot be held liable under New York common law for following a New York statute. See Bradley v. Roe, 282 N.Y. 525 (1940) (holding that estate administrator did not

convert stock certificates when it turned over the same to the court under the Surrogate's Court Act); <u>Goldstein v. Olympus Optical Co., Ltd.</u>, 98 A.D.2d 991 (4th Dep't 1983) (holding that party acting consistent with statute is not liable for conversion). Conversion occurs "when someone, intentionally and *without authority*, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." <u>Colavita</u>, 8 N.Y.3d at 49-50 (citing <u>State of New York v. Seventh Regiment Fund</u>, 98 N.Y.2d 249 (2002)) (emphasis added). Plaintiffs have not plausibly alleged agency fees were deducted from their paycheck without authority under New York law. To the contrary, Plaintiffs concede New York law permitted agency fees at the time. Am. Comp., ¶¶1-2, 13-14. Therefore, any agency fees collected pre-<u>Janus</u> were authorized under a then-valid statute and not actionable as conversion.

### E. Plaintiffs' Unjust Enrichment Claims Fail as a Matter of Law

Under New York law, "[t]he elements of a cause of action to recover for unjust enrichment are '(1) the defendant was enriched, (2) at the plaintiffs' expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered[.]'" <u>See</u> <u>GFRE, Inc. v. U.S. Bank, N.A.</u>, 130 A.D.3d 569, 570 (2d Dep't 2015) (internal citations omitted). Importantly, "[e]nrichment alone will not suffice to invoke the remedial powers of a court of equity. Critical is that under the circumstances and as between the two parties to the transaction the enrichment be unjust." <u>See</u> <u>1133 Taconic, LLC v. Lartrym Servs., Inc.</u>, 85 A.D.3d 992, 993 (2d Dep't 2011).

Plaintiffs cannot satisfy this burden. Plaintiffs' agency fees were expended by PSC, FASCC, and UUP to discharge their statutory obligation to fairly represent both members and nonmembers and to negotiate and administer their respective CBAs. <u>See</u> N.Y. Civ. Serv. Law §209-a(2) (imposing on unions a duty to fairly represent both members and agency fee payers);

PSC Decl., Ex. 1 (CBA); FASCC Decl., Ex. 1(CBA); UUP Decl., Ex. 1 (CBA). Here, the Amended Complaint references and seeks to declare invalid PSC's and FASCC's collective bargaining agreements to the extent they provide for agency fees. Am. Comp., ¶B.3.[8] Thus, the pleadings incorporate the challenged agreements and all benefits Plaintiffs derived from the CBAs. See also Richardson, 711 F. App'x at 13 (taking judicial notice of two collective bargaining agreements on appeal from a motion to dismiss). Despite filing two complaints, Plaintiffs have not alleged that any of the unions either denied them any benefit contained in the CBAs nor that the unions breached any statutory duty to provide representation. Therefore, to force Defendants to disgorge multiple years' worth of agency shop fees spent to the entire bargaining unit's advantage would be an injustice. See In re JetBlue Airways Corp. Privacy Litigation, 379 F. Supp. 2d 299, 330 (E.D.N.Y. 2005) ("Under New York law, the granting of equitable relief on a theory of unjust enrichment requires the 'indispensable ingredient' of an injustice as between the two parties involved."); see also Winner, 2016 WL 7374258, at *6 (holding, on a 12(c) motion for judgment on the pleadings, that the refund of fees collected prior to Harris "would not be consistent with the equitable remedy").

---

[8] The UUP CBA does not provide for agency fees. UUP Decl., Ex. 1.

## CONCLUSION

For the reasons set forth above and in the accompanying declarations, Defendants respectfully request that the motion be granted and the Amended Complaint be dismissed in its entirety.

Dated: May 24, 2019

Respectfully submitted,

_____/s/ CHARLES G. MOERDLER_____
STROOCK & STROOCK & LAVAN LLP
Charles G. Moerdler, Esq.
Alan M. Klinger, Esq.
Dina Kolker, Esq.
180 Maiden Lane
New York, New York 10038
(212) 806-5400
cmoerdler@stroock.com
aklinger@stroock.com
dkolker@stroock.com

Of Counsel:
    Arthur J. Herskowitz, Esq.

*Co-counsel for Professional Staff Congress Local 2334; American Federation of Teachers; and New York State United Teachers*

-and-

ROBERT T. REILLY, ESQ.
52 Broadway, 9th Floor
New York, New York 10004
(212) 228-3382
mdelpian@nysutmail.org
egreene@nysutmail.org
awanner@nysutmail.org

Of Counsel:
    Michael J. Del Piano, Esq.
    Edward J. Greene Jr., Esq.
    Andrea A. Wanner, Esq.

*Co-counsel for Professional Staff Congress Local 2334; American Federation of Teachers; and New York State United Teachers*

*Counsel for Faculty Association of Suffolk County Community College; United University Professions, Farmingdale State College Chapter; and National Education Association of the United States*

COHEN, WEISS & SIMON LLP
Hanan B. Kolko, Esq.
900 3rd Ave., Suite 2100
New York, NY 10022
(212) 563-4100

*Co-Counsel for Professional Staff Congress Local 2334*

PETER ZWIEBACH, ESQ.
65 Broadway, 15th Floor
New York, New York 10004
(212) 981-0182
pzwiebach@pscmail.org

*Co-Counsel for Professional Staff Congress Local 2334*

GLADSTEIN, REIF & MEGINNISS, LLP
Kent Y. Hirozawa, Esq.
817 Broadway, 6th Floor
New York, New York 10003
(212) 228-7727
khirozawa@grmny.com

*Counsel for American Federation of Labor and Congress of Industrial Organizations*

LEVY RATNER, P.C.
David M. Slutsky, Esq.
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100
dslutsky@levyratner.com

*Counsel for American Association of University Professors Collective Bargaining Congress*