# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID SEIDEMANN, et al., | CIVIL ACTION NO. 18-cv-09778 |
| Plaintiffs, | |
| v. | **DECLARATION OF DAVID SEIDEMANN** |
| PROFESSIONAL STAFF CONGRESS LOCAL 2334, ET AL., | |
| Defendants. | |

I, David Seidemann, declare the following:

1. I am a professor for the City University of New York. At all times relevant to the complaint in this case, I was not a member of the union representing CUNY's employees. Thus, prior to the Supreme Court's decision in *Janus*, CUNY withheld agency fees from my paychecks and delivered the fees to Defendant Professional Staff Congress ("PSC").

2. In 2002, I sued PCS for using agency fees deducted from my (and other nonmembers') pay to subsidize activities not germane to PSC's collective bargaining function. In the course of the litigation, the Second Circuit issued *Seidemann v. Bowen*, 584 F.3d 104 (2d Cir. 2009) ("*Seidemann II*"). In *Seidemann II*, the court held, among other things, that Defendant NYSUT could not allocate 100% of its convention costs as germane to the collective bargaining function because at least some parts of the convention were political in nature and therefore not germane to the collective bargaining function.

3. As late as the 2016-2017 school year, NYSUT was still asserting that 100% of its convention costs were not political in nature but rather were 100% germane to the collective bargaining function. This point is established in NYSUT's *Hudson* notice for the year ending August 31, 2017, which is attached to this declaration as Exhibit A and shows that its entire expenses for "Conventions" was a "chargeable expense" to agency-fee payers.

1

4. Despite this, as reported in NYSUT's May 2017 edition of its monthly magazine, NYSUT's activities at its 2017 convention were partially, at least, political. Specifically, at the convention, the delegates (1) committed to defeat the state's proposed constitutional convention; (2) debated (and apparently passed) a resolution "calling for all public colleges and schools to be declared sanctuary institutions, responding to President Trump's actions to detain and deport undocumented residents and revoke protections for DACAs[,]" (3) debated (and apparently approved) a special order "calling for local unions to pump up organizing campaigns and enlist current members to pledge to remain dues-paying union members even in the event of a negative Supreme Court decision"; and (4) debated (and apparently approved) a special order "calling for union members to avoid unnecessary travel to North Carolina, Kentucky and South Dakota to protest the states' recent discriminatory actions against the LGBTQ community." The relevant portion of the May 2017 magazine is attached to this declaration as Exhibit B.

5. PSC paid a net amount of $3,458,000 to NYSUT for the year ended August 31, 2017, as reflected in PSC's financial statement. The relevant portion of the financial statement is attached to this declaration as Exhibit C.

6. Further, a recent *Hudson* notice that Defendant American Association of University Professors Collective Bargaining Congress ("AAUPCBC") issued claims that 100% of its expenditures for "Member Benefits" and "Member Processing" were chargeable to agency fee payers. The relevant portion of AAUPCBC's *Hudson* notice is attached to this declaration as Exhibit D.

7. A recent *Hudson* notice from Defendant American Federation of Teachers ("AFT") shows that it treated *all* of its collective bargaining, contract administrative expenses, *etc.*, as chargeable to PSC fee payers. The notice also shows that AFT charged 100% of the expenses for contract-related issues across a wide variety of activities, such as publications, educational training, collective bargaining, and the defense fund. The relevant portion of AFT's *Hudson* notice is attached to this declaration as Exhibit E.

2

8. On July 5, 2018 – more than a week after the Supreme Court issued its decision in *Janus*, $51.75 was deducted from my paycheck for agency fees. By way of an envelope postmarked on September 11, 2018, I received a memorandum from PSC with a refund check. According to the memorandum, the refund check covered the agency fees deducted on July 5, 2018, "including interest earned." The refund check was in the amount of $51.76. Thus, PCS paid $0.01 in interest, which equates to an annual rate of approximately 0.1% (one tenth of one percent).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 19, 2019

David Seidemann